■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN PEREZ, Appellant.—Judgment, Supreme Court, New York County (Budd G. Goodman, J.), rendered June 13, 1985, convicting defendant of robbery in the second degree and sentencing him to an indeterminate term of from 5 to 10 years' imprisonment, unanimously affirmed.

Other than a record demonstration that 13 jurors were polled after the verdict, and a reference by the court to 15 jurors as they were being sequestered overnight—obvious reflections, in both instances, of stenographic error—defendant's claim that his guilt was decided by 13 jurors is unsupported. The record discloses that after the charge the court directed "the twelve of you" to retire and deliberate, and that the two alternatives, Miss Miller and Miss Dorsey, were then discharged, on defendant's consent. Neither name appears on the record in the polling process. The record also makes clear that there were only two alternate jurors. Moreover, defendant did not claim at the time of the verdict that a thirteenth juror participated in the deliberations or verdict, although a motion based on juror misconduct for ethnic hostility was made and a hearing held. We view the failure to record any

objection as having significant bearing on whether, in fact, a thirteenth juror participated in the deliberations and verdict. Finally, it should be noted that in the affirmation opposing the motion to set aside the verdict, the Assistant District Attorney recited that the jury's first note stated that the jurors were deadlocked 11 to 1. This part of the proceedings, however, is not reflected in the record.

We find defendant's other contention to be without merit. Concur—Sandler, J. P., Sullivan, Ellerin and Wallach, JJ.